On September 2, 1994, the Stark County Grand Jury indicted appellant, Larry Drummond, on one count of rape in violation of R.C. 2907.02, one count of gross sexual imposition in violation of R.C. 2907.05 and one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31. Said charges arose from incidents involving appellant's neighbor, a boy under the age of thirteen.
On January 9, 1995, appellant pled guilty as charged. By judgment entry filed January 18, 1995, the trial court sentenced appellant to a total indeteminate term of five to twenty-five years in prison.
On July 30, 1997, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entry filed August 5, 1997, the trial court classified appellant as a "sexual predator."
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN THE ADMISSION OF HEARSAY EVIDENCE IN VIOLATION OF O.R.C. 2950.09(B)(1) THEREBY VIOLATING APPELLANT'S DUE PROCESS RIGHTS.
II
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY CLASSIFYING HIM AS A SEXUAL PREDATOR PURSUANT TO O.R.C. 2950.09 WHEN THE EVIDENCE DID NOT SUPPORT SUCH A FINDING, THEREBY VIOLATING HIS DUE PROCESS RIGHTS UNDER THE U.S. AND OHIO CONSTITUTION.
Appellant complains of the following statements by the prosecutor:
 MR. NEWLON: This victim quit school. He did not finish high school. There were at least two attempts at suicide from this victim. He was then and currently is on medication for panic attacks which he currently suffers and continues to suffer.
 And it should also be noted that without any prior history of juvenile delinquency this victim is now enrolled in the SRCCC program as a result of an offense committed as an adult.
 Your Honor, this Court has heard from the State in other hearings before, but once again I must reiterate that the best predictor of future conduct is past behavior. And this Defendant has admitted and pled guilty to performing oral sex and having anal intercourse with a juvenile boy approximately age nine through age 11, took advantage of the special relationship that he had not only with this youngster, but with this youngster's family.
 Those factors alone and the seriousness of this conduct indicate that this Defendant is someone who is likely to reoffend again and therefore under 2950.09, the factors that the Court is to consider under that statute, we would ask the Court find the Defendant is a sexual predator and that he is likely to reoffend.
T. at 8-9.
Appellant argues these statements constitute impermissible hearsay because the statements were not subject to cross-examination pursuant to R.C. 2950.09(B)(1).
In State v. Cook (1998), 83 Ohio St.3d 404, 425, the Supreme Court held as follows:
 Evid.R. 101(C) excepts application of the Rules of Evidence, including the hearsay rule, from certain proceedings, such as miscellaneous criminal proceedings. Among those listed as specifically excepted from the Rules of Evidence are proceedings for extradition or rendition of fugitives; sentencing; granting or revoking probation; issuance of warrants for arrest, criminal summonses, and search warrants; and proceedings with respect to release on bail or otherwise. Evid. R. 101 (C). A sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply. A determination hearing does not occur until after the offender has been convicted of the underlying offense. Further, the determination hearing is intended to determine the offender's status, not to determine the guilt or innocence of the offender. Accordingly, we hold that the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings.
Based upon the clear holding in Cook, we find the trial court did not err in admitting the complained of statements.
Assignment of Error I is denied.
 II
Appellant argues the trial court's classification was against the weight sufficiency of the evidence. We disagree.
In Cook, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
R.C. 2950.01 (E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses, including, but not limited to, all sexual offense;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In its judgment entry of August 5, 1997, the trial court did consider the above factors. The trial court noted this case involved a victim under the age of thirteen. The trial court also noted appellant's continuing course of conduct. The bill of particulars filed September 23, 1994 indicates from March 31, 1988 to March 31, 1990, appellant engaged in fellatio and anal intercourse with the victim. Appellant also fondled the victim's genital area. The trial court noted appellant was the victim's neighbor and "gave the victim jobs to perform at his place of employment which permitted him to establish a relationship of friendship and confidence with the victim. The trial court determined this special relationship permitted appellant "to take advantage of the victim for his own sexual gratification." The trial court found appellant's conduct was "a demonstrated pattern of abuse." Based upon the above factors, the trial court concluded appellant should be classified as a "sexual predator "as defined in R.C.2950.01(E).
Based upon our review of the record, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence.
Assignment of Error II is denied.
 III, IV, V, VI, VII
This court has previously reviewed these arguments inState v. Royce Albaugh (February 1, 1999), Stark App. Nos. 1997CA00167 and 1997CA00222, unreported, State v. Earl Bair
(February 1, 1999), Stark App. No. 1997CA00232, unreported, andFrederick A. Mclntyre (February 1, 1999), Stark App. No. 1997CA00366, unreported. We hereby adopt and incorporate the corresponding assignments of error from these opinions herein.
Assignments of Error III, IV, V, VI and VII are denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Wise, P.J. and Gwin, J. concur
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment Court of Common Pleas of Stark County, Ohio is affirmed.
--------------------
--------------------
 -------------------- JUDGES
Hon. John W. Wise, P.J., Hon. W. Scott Gwin, J., Hon. Sheila G. Farmer, J., JUDGES.